Robert R. Parker, Jr., LL. B.
OSB # 216437
111 SW Fifth Avenue
Suite 3150
Portland, Oregon 97204
503-444-3417
robert@robertparkerlawoffices.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANN SAMUELSON, ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT: |
| ) | 42 USC 1983 |
| STEVE PHILLIPS, in his individual and ) | Malicious Prosecution |
| Representative capacity, RON BROWN, in ) | Abuse of Process |
| his individual and representative capacity, ) | Witness Tampering |
| ERIC DOTSON, in both his individual ) | Intentional Infliction of Mental |
| and representative capacity, CHANCE MOORE,) | Anguish, RICO Violations, |
| , in both individual and representative capacity, ) | Negligent Training and Oversight |
| TOM BERGIN, in both individual and ) | |
| representative capacity, SHANNON WOOD in ) | |
| her individual and representative capacity, ) | |
| CONNIE McCLEARY in her individual and ) | |
| Representative capacity, JOHN and JANE DOE,) | |
| 1-10, ) | |
| Defendants. ) | |
| _____ / | |

## INTRODUCTION:

This matter emerges as a result of false accusations of witness tampering in a case when

Plaintiff's husband was a victim of Malicious Prosecution for sexual assault and/or harassment

asserted by defendant Shannon Wood, in a retaliatory effort to divert attention from her

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND
OVERSIGHT1 OF 18.

1    inappropriate behavior which was indicative of an extra-marital affair with a man who also

2    served on the School Board for defendant Jewell School District 8.

3            Plaintiff's husband had become aware of a parental concern of what appeared to be the

4    inappropriate sexual misconduct of defendant Shannon Wood, as relayed from the parent of one

5    of the student players for the basketball/volleyball team at Jewell School District 8, where both

6    the Plaintiff and defendant Shannon Wood were coaches. It was reported to the Plaintiff that the

7    parent's concern was that Shannon Wood's behavior regarding her relationship with the father of

8    a volleyball player on the team she was assistant coaching was sexual in nature. The parent

9    reported all the students were talking about it. Plaintiff promptly contacted Superintendent Steve

10   Phillips, informing him of the parental concern so that the school could address the matter in an

11   appropriate manner.

12           As opposed to maintaining the confidence of the reported misconduct, defendant Steve

13   Phillips apprised defendant Shannon Wood of the Plaintiff's comments. While the school took

14   no action towards Shannon Wood for her misconduct, within a relatively short period of time

15   thereafter, Plaintiff's husband was terminated from his job as coach of the boys' basketball team,

16   and despite the fact that protocol was not followed, as there was no complaint filed with the

17   EEOC, DA Ron Brown, who is a political rival and whom has a well-publicized vendetta against

18   the Plaintiff, criminally charged her husband with ten (10) misdemeanor counts of sexual

19   harassment or some variation thereof, although there was no evidence supporting these charges.

20   The Clatsop County DA Brown offered to drop the investigation threatening to charge Plaintiff

21   with witness tampering if Plaintiff's husband would pay a fee settlement of $20,000, as

22   demanded by Plaintiff's husband's accuser, Shannon Wood. At this time Plaintiff was of the

28   COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
     CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND
     OVERSIGHT2 OF 18.

belief that she was still under investigation, as she only found out in December of 2021 that the investigation had been dropped one month after its inception, but that the Clatsop County DA had continued to use this threat as leverage in the Plaintiff's husband's case.

Although eventually, these false charges were dropped, the Plaintiff's character and reputation were tarnished beyond recognition in the community where she and her husband have spent their entire lives. The ordeal caused the Plaintiff great emotional distress, and she was diagnosed with PTSD as a result. She also suffered a substantial loss of income and standing in the community.

### <u>JURISDICTION</u>:

1. This matter is premised on 28 USC 1343(a)(3), 42 USC 1981, 42 USC 1983, 18 USC 1961, et seq., and this Court's pendant and ancillary jurisdiction to entertain state law-based claims in conjunction with causes of action premised on federal law consistent with **<u>Smith v. Kansas City Title & Trust</u>**, 155 U.S. 180 (1920).

### <u>VENUE:</u>

2. Venue is premised upon 28 USC 1391(b)(2), et seq.

### <u>PARTIES:</u>

3. Plaintiff, Ann Samuelson, is a resident of Clatsop County, Oregon and citizen of the United States of America.

4. Defendant Steve Phillips, is, upon information and belief, a resident of the State of Oregon and can be served with the Summons and Complaint on his person wherever he can be located within the State of Oregon.

5. Defendant Ron Brown, is, upon information and belief, a resident of Clatsop County, Oregon and presently serves as the duly elected District Attorney for

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT 3 OF 18.

Clatsop County who can be served with the Summons and Complaint at his offices or any other place where he may be found within the State of Oregon.

6.  Defendant Eric Dotson, is, upon information and belief, a resident of Clatsop County, Oregon and serves as a Deputy Sheriff for Clatsop County who can be served with the Summons and Complaint at his residence, place of work or any other place that she can be found within the State of Oregon.

7.  Defendant Chance Moore, is, upon information and belief, a resident of Clatsop County, Oregon and serves as a Deputy Sheriff for Clatsop County, Oregon. This defendant may be served with the Summons and Complaint at his place of employment or wherever he may be found within the State of Oregon.

8.  Defendant Tom Bergin, is, upon information and belief, a resident of Clatsop County, Oregon and previously served as Sheriff for Clatsop County, Oregon. This defendant may be served with the Summons and Complaint at his place of employment, or wherever he may be found within the State of Oregon.

9.  Defendant Shannon Wood, is, upon information and belief, a citizen of the United States of America and previously served as an employee of Jewell School District in Clatsop County, Oregon, who can be served with the Summons and Complaint upon her person wherever she may be found within the State of Oregon.

10.  Defendant Connie McCleary is upon information and belief, a resident of Clatsop County, Oregon and also was an employee of Clatsop County, who can be served with the Summons and Complaint upon her person wherever she can be found within the State of Oregon.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT4 OF 18.

11. Defendants John and Jane Doe 1-15 are sued in a fictitious capacity as their identity is not yet known to Plaintiff but upon a determination of their true identities, Plaintiff will supplement and amend his pleadings to reflect same.

## **COMMON NUCLEUS OF OPERATIVE FACT**:

12. Plaintiff's husband was informed by the parent of one of the student athletes at Jewell School that defendant Shannon Wood was engaged in a sexual, extramarital relationship with Brian Meier (a former member of defendant Jewell School Board).

13. Consistent with his obligation as a member of the Jewell School District coaching staff and a former member of the School District Board, he reported this information to the Superintendent of the School District, defendant Steve Phillips in what was thought to be a confidential disclosure consistent with the provisions of ORS 339.372, et seq.

14. Within a matter of 48 hours or less, defendant Shannon Wood texted Plaintiff's husband and asked if he had spoken to the Superintendent, defendant Steve Phillips,

15. Plaintiff's husband responded in the affirmative and shortly thereafter was fired and indicted by the defendants in the Clatsop County DA's office and the Sheriff's office.

16. Multiple parents, co-workers and others with whom Wood had been in contact in the past came forward with descriptions of her pattern of filing false claims as a form of retaliation and attention-seeking. Another employee against whom Wood

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT5 OF 18.

had attempted to get fired won an appeal with the TSPC (Oregon Teacher

Standards and Practices Commission.)

17. Wood did not bother to file a claim with the EEOC, which is the rule required for

any allegation of sexual harassment.

18. Shannon Wood requested a Protection Order against Plaintiff's husband, and on

September 27, 2019 Judge Paula Brownhill denied it, citing that there was no

evidence or factual basis to support Wood's claim.

19. This should have collaterally estopped Woods from pursuing further action

against Plaintiff's husband.

20. Shannon Wood pushed the issue with the local District Attorney, Ron Brown,

who was a former political adversary of the Plaintiff.

21. Brown's antipathy for the Plaintiff was so well-known that Deputy Chief

Halverson had in the past requested that a case involving a Samuelson family

member be sent to the Department of Justice due to concern that Ron Brown, who

is the head District Attorney for Clatsop County would not be impartial in any

matter involving the Samuelson family, and in fact might use his position to

possibly retaliate against Plaintiff.

22. Ron Brown indeed escalated the case from a sexual harassment in the workplace

to a criminal case and stacked unsubstantiated charges.

23. After the interaction with Clatsop County Sheriff Deputies, defendants Chance

Moore, and Eric Dotson, Plaintiff's husband was given a citation by the deputies

and then subsequently charged with ten (10) counts of sexual harassment and

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND
OVERSIGHT6 OF 18.

related misconduct flowing directly from the false allegations made against him by defendant Shannon Wood

24. The charging parties had personal vendettas against the family due to votes by the Samuelson family when they were members of the Jewell community such as Dave Samuelson speaking out against the hiring of Steve Phillips who had been discharged for misconduct by another entity, and Plaintiff, as the Clatsop County Commissioner, and when Plaintiff had voted against a Stipend for the DA's office because the DA had not kept proper paperwork.

25. Defendant School District issued a directive that not only terminated Plaintiff's husband's employment but also severely restricted his movement and presence on school property even though both Plaintiff and Plaintiff's husband had previously served on the School District's Board and had a minor child attending school within the district.

26. That upon information and belief, neither School District, defendant Steve Phillips as Superintendent,  Jon Wood as principal and alleged author of the School District's "Report" or defendants Chance Moore and Bergin or defendant Ron Brown ever bothered to conduct a fair, impartial and reasonably appropriate investigation into the false allegations preferred by defendant Shannon Wood against the Plaintiff's husband.

27. Phillips chastised friends of the Plaintiff for "liking" her comments on Facebook.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT7 OF 18.

28. A cursory investigation under appropriate guidelines of law enforcement would have disclosed fatal flaws in both the allegations themselves and the credibility of the accuser, defendant Shannon Wood.

29. The retaliatory misconduct of defendant Shannon Wood and Ron Brown was undertaken with the active assistance and guidance of defendant Connie McCleary in her continued efforts to dislodge the custody arrangements presently in place for her paternal minor grandchild, Keegan McCleary.

30. This same defendant has recently pled no contest to a charge of criminal misconduct by using her Clatsop County office to create false documents to harm the Plaintiff. These charges were brought by a neighboring county (Tillamook) because it was well known that her relationship with Ron Brown insulates her from action from the Clatsop County DA's office.

31. Upon information and belief, defendant Connie McCleary has been and may still be an employee of Clatsop County government and as such is in close contact with defendant Ron Brown and for which it is apparent the two of them have shared a professional and personal relationship for an extended period which appears to have been utilized to instigate and perpetuate the actions against Plaintiff and her husband.

32. This same defendant has recently been charged with official misconduct in the first degree, for using her county office to create false documents to harm the Plaintiff. These charges were brought by neighboring Tillamook County because it is well known that Jane Doe's relationship with DA Ron Brown insulates her

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT8 OF 18.

from action from the Clatsop County DA's office. Furthermore, Ron Brown was quoted in the Daily Astorian newspaper stating that this case was being handled by the Tillamook County DA due to his "history" with the victim (Samuelson) who is the Plaintiff.

33. Defendant McCleary has had allegations lodged against her involving a minor child, and these allegations were determined by the Office of Training, Investigations and Safety, to be "founded" and yet the Clatsop County DA's office has refused to take action against her.

34. The Plaintiff and her husband live in a small town and have lived in the area all of their lives –more than 60 years. They have many friends and supporters in the community.  Naturally, they commiserated with their friends about the utter injustice of the situation.

35. There was no evidence gathered, no documentation or statements of any witnesses, Ron Brown insisted on pursuing criminal charges of witness tampering against the Plaintiff, who he considered a political rival.

36. Many people came forward from Jewell School stating that they were being threatened by the Superintendent, defendant Phillips, who fired the Plaintiff's husband. They intimidated those who even "liked" a post of the Plaintiff's on social media. In fact, they felt as if the opponents of the Plaintiff's husband were being the target of witness tampering by Steve Phillips and other defendants.

37. Plaintiff sent a letter to the Superintendent regarding his false accusations against her.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT9 OF 18.

38. Plaintiff discussed this situation with longtime friend, Melissa Cokely ,and despite the fact that Cokley was never a witness and never had any involvement in the false charges against Plaintiff's husband, Ron Brown cited Ann's "coffee talk" with her dear friend as Witness Tampering and filed Case No. C20192778 against the Plaintiff.

39. This subjected the Plaintiff to extreme stress, fear, embarrassment and caused her to suffer financially, emotionally and physically.

40. Plaintiff retained an attorney to represent her. The charges carried a three-year statute of limitations.

41. Plaintiff eventually learned TWO YEARS after the charges against her had been dismissed, and that any evidence, specifically in the form of audio/video tapes, which would obviously have been favorable to the Plaintiff had been destroyed and disposed of. The DA's office failed to inform Plaintiff or her attorney that the charges had been dismissed.

## COUNT I
## VIOLATIONS OF 42 USC 1983

Plaintiff repeats, re-allege and incorporates paragraphs 1 thru 41 as if set forth herein verbatim and further complains of all individual and representative capacity defendants herein as follows:

42. That the individual and representative capacity defendants engaged in a pattern and practice of conduct, under color of state law, that deprived Plaintiff of rights,

privileges and immunities protected under the Constitution and laws of the United States of America in violation of 42 USC 1983.

43. That said deprivations consisted of but are not limited to due process violations both substantive and procedural during the reporting, investigation and charging which violated due process constitutional protections envisioned by the 14th Amendment to the U.S. Constitution.

44. Additional constitutional deprivations occurred in the initial investigation of the matter by Clatsop County Deputy Sheriff defendants whose constitutional infractions were ratified by defendant Sheriff which were undertaken under color of state law and in violation of the 14th Amendment to the U.S. Constitution.

45. Additional constitutional deprivations occurred in the prosecution of the erroneously prosecuted criminal misdemeanor offenses by defendant district attorney who knew or in the exercise of reasonable diligence would have known that the acts of Plaintiff were statutorily protected thus immunizing her from retaliatory prosecutions premised on mendacious and unproven assertions in violation of 42 USC 1983 and the 14th Amendment to the US Constitution.

## COUNT II
## RICO VIOLATIONS:

Plaintiff repeats, re-allege and incorporates paragraphs 1 thru 45 as if set forth herein verbatim and further complains of all individual and representative capacity defendants herein as follows:

44. At all relevant times, Defendants, both named and fictitiously named, were "persons" within the meaning of RICO 18 USC 1961(3) and 1962(c).

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT11 OF 18.

45. At all relevant times, the defendant parties formed an association in fact for the purpose of engaging in the conduct complained of herein and this association in fact was and is an "enterprise" within the meaning of RICO 18 USC 1961(4).

46. At all relevant times, this enterprise comprised of the defendants herein, was engaged in, and its activities affected interstate commerce, within the meaning of RICO 18 USC 1962(c).

47. At all relevant times the defendants herein and others presently unknown to Plaintiff, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5) in violation of RICO, 18 USC 1962(c).

48. Specifically, at all relevant times, defendants and the other co-conspirators, presently unknown to Plaintiff, engaged in "racketeering activity" within the meaning of 18 USC 1961(1) by engaging in the acts set forth herein.

49. The acts set forth above constitute a violation of one or more of the following statutes: the state law extortion statute as set forth in RICO 18, USC 1961 (1)(A);18 USC 1341 (mail fraud); 18 USC 1343 (wire fraud); 18 USC 1344 (Financial institution fraud); 18 USC 1503 (obstruction of justice); 18 USC 1513 (Retaliating against a witness, victim or informant); 18 USC 1951 (interference with interstate commerce and extortion).

50. Defendants, through utilization of their respective offices, staff and influence, with the assistance and participation of others presently unknown to Plaintiff,

each committed and/or aided and abetted the commission of two or more of these acts of racketeering activity.

51. The acts of racketeering activity referred to herein constitutes a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5). The acts alleged were related to each other by virtue of common participants, common victim the Plaintiff, who has been similarly prosecuted under the criminal laws of the United States in and for the District of Oregon and having a common method of commission, with the common purpose and common result of depriving Plaintiff of his liberty interest through the unconstitutional utilization of the federal criminal justice system for an alleged witness tampering premised on mendacious unproven allegations which were known to defendants to be a farce concocted and perpetrated by DA Ron Brown, and his allies, subjecting Plaintiff to violation of all aspects of his civil and constitutional rights.

52. The pattern of racketeering activity has continued, unabated, since its inception and is threatened to continue longer but for the institution of this action to enjoin the constitutionally impermissible conduct of the defendants herein.

53. The Plaintiff has been and continues to be irreparably damaged by the acts and conduct complained of herein at the hands of defendants.

## COUNT III
## RICO CONSPIRACY

Plaintiff repeats and re-alleges paragraphs 1 through 53, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

54. At all relevant times, Plaintiff was a "person" within the meaning of

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT13 OF 18.

RICO, 18 USC 1961(3) and 1964(c).

55. At all relevant times, defendants, each of them, were a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

56.  At all relevant times, defendants had formed an association-in-fact for the purpose of engaging in the conduct complained of herein.  This association-in-fact was and is, an "enterprise" within the meaning of RICO, 18 USC 1962(c).

57.  As set forth in the paragraphs 1 through 53, defendants, each and all of them, individually and collectively, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18, USC 1961(5), in violation of RICO, 18 USC 1962(c).

58. At all relevant times, defendants and other co-conspirators, presently unknown to Plaintiff, were each and all associated with the enterprise and agreed and conspired to violate 18 USC 1962, that is, all defendants agreed to conduct and participate, directly and/or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 USC 1962(d).

59. Defendants and their unknown co-conspirators, committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and below.

60.The conduct of the defendants and their unknown co-conspirators has had an adverse effect on interstate commerce and the Plaintiff has directly suffered irreparable harm and damage as the direct result and proximate cause thereof.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT14 OF 18.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT IV
## MALICIOUS PROSECUTION

Plaintiff repeats and re-alleges paragraphs 1-60 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

61. Defendants initiated a criminal proceeding against the Plaintiff.

62. That defendants lacked probable cause to proceed on any purported criminal violations against the Plaintiff.

63. That the initiation of the action for purported criminal violations was done with actual malice to compel Plaintiff to acquiesce to other efforts of defendants, which Plaintiff declined to do.

64. That the criminal proceedings terminated in favor of the Plaintiff.

65. Plaintiff has been irreparably damaged by the egregious misconduct of the defendants each and all of them.

## COUNT V.
## ABUSE OF PROCESS

Plaintiff repeats and re-alleges paragraphs 1-65 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

66. Defendants initiated a felony indictment against the Plaintiff.

67. The proceedings were instituted for the purpose of intimidating the Plaintiff from speaking about the wrongful prosecution and firing of her husband, and to assist DA Ron Brown's colleague in prevailing in another matter

68. The proceedings terminated favorably to the Plaintiff.

69. Plaintiff suffered from such egregiously extensive stress resulting directly from the

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT15 OF 18.

actions of the defendants that she had been diagnosed with PTSD from which Plaintiff continues to contend with.

## COUNT VI
## INTENTIONAL INFLICTION OF MENTAL ANGUISH:

Plaintiff repeats and re-alleges paragraphs 1-69 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

70. The actions of the defendants against the Plaintiff in the filing and pursuit of the false allegations of witness tampering were undertaken intentionally or recklessly.

71. The actions of the defendants were extreme and outrageous and said defendants were fully aware of the extremely outrageous aspects of their mendacious misconduct.

72. The egregiously outrageous misconduct of the defendants were the cause of the severe emotional distress inflicted upon the Plaintiff that resulted in the loss of health, loss of income.

## COUNT VII
## DEFAMATION OF CHARACTER

Plaintiff repeats and re-alleges paragraphs 1-72 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

73. Defendant Brown made and publicized false allegations against the Plaintiff.

74. Defendant Brown knew that the allegations were false, but defendants failed to engage in any meaningful, impartial investigation of said mendacious assertions which resulted in Plaintiff being criminally indicted and publicly humiliated.

75. Plaintiff was damaged in her professional capacity as the owner of a real estate business, and humiliated publicly through social media and newspaper articles that

further diminished her reputation in his community.

## COUNT VIII
## NEGLIGENT OVERSIGHT/TRAINING/SUPERVISION:

Plaintiff repeats and re-alleges paragraphs 1-75 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

76. Defendants Brown and Bergin, had duties to properly train, oversee and supervise their respective employees. They also demonstrated negligent retention in supervising Sergeant Chance Moore.

77. Each of said defendants breached their respective duties by negligently failing to train, oversee and/or supervise their respective employees.

78. Moreover, testimony and records will show that Sheriff Tom Bergin was out of Clatsop County more than 75% of the time from 2017 until his retirement in 2020. This supports the basis in fact of lack of supervision of employees. The letter from the DA's office dated 12/24/2019 directing the Clatsop County Sheriff's Department to destroy the digital evidence in the case of investigation of the Plaintiff was never given to the Plaintiff or her attorney when discovery was turned over. This would have been exculpatory evidence in the case against Plaintiff's husband, which was ordered to be destroyed. This constitutes a Brady violation. Destruction, spoilation, and tampering with evidence threaten the integrity of the judicial process.

79. That as a direct result of the failure of said defendants to properly exercise their duties and responsibilities, Plaintiff was severely damaged by said negligent failure which constitutes the proximate cause of the damages complained of herein by Plaintiff.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants herein as follows:

a.  That process issue and Defendants be made to defend in this matter.

b.  That Plaintiff be granted a judgment on Count I of the Complaint against the Defendants in an amount not less than Five Million dollars.

c.  That Plaintiff be granted a judgment on Count II of the Complaint against the Defendants in an amount not less than Five Million dollars.

d.  That Plaintiff be granted a judgment on Count III of the Complaint against the Defendants in an amount not less than Five Million dollars.

e.  That Plaintiff be granted a judgment on Count IV of the Complaint against the Defendants in an amount not less than Five Million dollars.

f.  That Plaintiff be granted a judgment on Count V of the Complaint against the Defendants in an amount not less than Five Million dollars.

g.  That Plaintiff be granted a judgment on Count VI of the Complaint against the Defendants in an amount not less than Five Million dollars.

h.  That Plaintiff be granted a judgment on Count VII of the Compliant against the Defendants in an amount not less than Five Million dollars.

i.  That Plaintiff be granted a judgment on Count VIII of the Complaint against the Defendants in an amount not less than Five Million dollars.

j.  That Plaintiff be granted the benefit of the statutory triple damage component for Counts II and III according to law.

k.  That Plaintiff be granted attorney fees and costs associated with the prosecution of this matter.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, NEGLIGENT TRAINING AND OVERSIGHT18 OF 18.

l.   That Plaintiff be granted all such other relief that this Court deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL FACT ISSUES**:

Dated this 6th Day of February 2023

**Respectfully submitted,**
**LAW OFFICE OF ROBERT R. PARKER, JR., LL. B., LLC**

**/s/ Robert R. Parker, Jr.**
**By: Robert R. Parker, Jr.**
**OSB Number 216437**
**Attorney for Plaintiff**